**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Russell HOBSON, Defendant–Appellant.**

**Russell HOBSON, Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

Nos. 85–3517, 86–3589.

United States Court of Appeals,
Eleventh Circuit.

Feb. 7, 1990.

---

James M. Shellow, Stephen M. Glynn, Shellow, Shellow & Glynn, S.C., Milwaukee, Wis., for Hobson.

Mike Moore and Kenneth Sukhia, Asst. U.S. Attys., Tallahassee, Fla., W. Thomas Dillard, U.S. Atty., Pensacola, Fla., Ferdinand W. Bockelman, Dept. of Justice, Washington, D.C., for U.S.

* Judges Godbold and Hill were in regular active service when this case was originally submitted and decided.

Before GODBOLD *, HILL *, and ESCHBACH **, Senior Circuit Judges.

## REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM:

The judgment in this case was vacated by the Supreme Court and the case remanded for further consideration in the light of *H.J., Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. ——, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). *Hobson v. U.S.*, 492 U.S. ——, 109 S.Ct. 3233, 106 L.Ed.2d 581 (1989). The narrow issue presented by Hobson in his petition for certiorari, and restated in his brief before us on remand, is "whether an isolated act which simultaneously violates two statutes may be charged as 'two acts of racketeering activity' demonstrating the 'continuity' necessary to establish 'a pattern of racketeering activity' under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961(5)."

The predicate acts relied upon for conviction of Hobson under the substantive RICO count arise in the context of his conviction under two other counts for aiding and abetting *importation* of a load of marijuana aboard a Constellation aircraft and aiding and abetting *possession* of the same load of marijuana aboard the Constellation aircraft with intent to distribute. In his direct appeal to this court, and in his petition for certiorari to the Supreme Court, Hobson has asserted that he committed only one isolated act relating to the importation and possession counts which consisted of making (together with his partner Waldrop) a $1.5 million advance payment for the load of marijuana aboard the Constellation, which act, he says, does not meet the continuity requirements of *H.J. Inc,*. For purposes of this decision we assume the correctness of Hobson's contention that the

** Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

$1.5 million advance payment related to only the shipment of marijuana aboard the Constellation aircraft and did not relate to an earlier aborted shipment of marijuana on a DC–3 aircraft, which had been seized upon its arrival at the Ft. Lauderdale, Florida airport. With respect to the Constellation smuggling venture, the evidence showed that Hobson, his partner Waldrop, and co-defendant Cobb, were organizers. Hobson and Waldrop agreed to purchase most if not all of the shipment. The Constellation was flown to Colombia and loaded with marijuana. Trucks furnished by Waldrop and Hobson came to an agreed-upon clandestine landing site in Florida where the Constellation was scheduled to arrive. But because of weather and mechanical problems, the craft was compelled to land in Panama City, Florida in lieu of the clandestine site. Federal agents were ready and waiting upon its arrival and seized it. After the Constellation effort proved unsuccessful, Hobson, in a telephone conversation that was intercepted and taped, pressured Cobb to produce the marijuana or return the advance payment.

In *H.J., Inc.* the Supreme Court adopted a flexible, commonsense approach. It rejected the application of RICO to sporadic activity and widely separated and isolated criminal acts and offenses. It looked to relationship and continuity. Hobson does not question application of the relatedness concept but only continuity. As the Court pointed out, continuity is both closed- and open-ended, for it may refer to a closed period of repeated conduct or to "past conduct that by its nature projects into the future with a threat of repetition." 492 U.S. at ——, 109 S.Ct. at 2902. The predicate acts themselves may involve a threat of long-term racketeering activity. Or, the threat of continuity may be established by showing that the predicate acts are part of an organizational entity's regular way of doing business. *Id.*

Hobson's characterization of the issue misconceives the facts. The facts described above, limited to the Constellation endeavor, did not involve merely a single isolated act of paying money but rather a series of acts, including a demand for repayment of a large sum of money or delivery of marijuana to replace the load lost on the Constellation, which "by its nature project[ed] into the future with a threat of repetition." *H.J. Inc.*, 492 U.S. at ——, 109 S.Ct. at 2902.[1]

The orders of the district court denying Hobson's motion to vacate under 28 U.S.C. § 2255 and his motion for new trial are AFFIRMED.

---

1. Because we limit our discussion to the Constellation endeavor, we do not need to consider the great range of long-term activities of the organization, embracing massive movements of marijuana into Florida and Georgia by ship and plane over an extended period of time, in some of which activities Hobson was involved.